IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY KING, Special Administrator )
of deceased Otis L. Bradley, Jr., et al., )
          Plaintiffs, )
           )
v. )   Case No. 16-cv-1435-EFM-TJJ
           )
UNITED STATES OF AMERICA, et al., )
           )
          Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Stay Discovery (ECF No. 28). In their motion, individual Defendants Kristine Aulepp, Amber McCafferty, Jason Clark, Jason Troll, Justin Alexander and Claude May, and Defendant United States ask the undersigned Magistrate Judge to enter a stay of discovery pending the presiding District Judge's ruling on their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 25). Plaintiffs oppose the requested stay. For the reasons discussed below, the Court denies the motion.

**I.**  **Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

dispositive motion.³ A stay is not favored because it can delay a timely resolution of the matter.⁴

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.⁵

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.⁶

An stay may also be appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity.⁷ In that instance, a defendant is entitled to have the question of immunity resolved before being required to engage in discovery and other pretrial proceedings.⁸ Qualified immunity "spare[s] a defendant not only unwarranted liability, but

---

³ *McCoy*, 2007 WL 2071770, at *2.

⁴ *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

⁵ *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

⁶ *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495). Cases in this district frequently refer to these circumstances as "the *Wolf* factors."

⁷ *E.g., Garrett's Worldwide Enterprises, LLC v. United States*, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) (citing cases).

⁸ *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[9]

Further, it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[10] However, "[q]ualified immunity is not a shield from *all* discovery."[11] When the issue of immunity is raised but not yet determined, discovery is limited to "resolving that issue alone."[12]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[13]

## II.  The Parties' Arguments

Defendants argue that a stay is appropriate because the individual Defendants have moved for dismissal or summary judgment of Plaintiffs' *Bivens* claims[14] based on qualified immunity. They contend that allowing discovery to go forward would unnecessarily divert the time and resources of these six current and former Federal Bureau of Prisons employees. Furthermore, they argue, discovery would be wasteful and unduly burdensome because the individual Defendants' qualified immunity defense is capable of fully concluding the *Bivens* claim Plaintiff asserts against them.

---

[9] *Siegert*, 500 U.S. at 232.

[10] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[11] *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990) (citing *Maxey v. Fulton*, 890 F.2d 279, 283 (10th Cir. 1989)).

[12] *Lewis*, 903 F.2d at 754 (citing *Maxey* and *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[13] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

[14] *Bivens* claims are those which seek damages for injuries caused by a constitutional violation by federal officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Although only one of the four counts in Plaintiffs' amended complaint has been met with a defense of qualified immunity, Defendants also seek a stay of discovery for the remaining three counts which assert claims against the United States and the individual Defendants under the Federal Tort Claims Act (FTCA). Defendants merely repeat the *Wolf* factors—the circumstances in which a stay pending a ruling on a dispositive motion is appropriate—but do not apply them to this case. Defendants also assert that discovery would not affect the resolution of the dispositive motions and will not cause Plaintiffs to suffer prejudice.

Plaintiffs detail their need for discovery and the ways in which their efforts to conduct discovery have been thwarted. They point out that they named John and Jane Doe Defendants in their *Bivens* claim because they are unaware of all federal employees who allegedly caused or contributed to Mr. Bradley's death in the U.S. Penitentiary Leavenworth. They first sought that information through a Freedom of Information Act Request (FOIA), which resulted in a partial release of records. They ultimately filed an administrative claim with the Bureau of Prisons, but obtained no documents in return. Upon filing this civil action, Plaintiffs filed a motion seeking limited discovery which would allow them to learn the identities of the Doe Defendants.[15] The Court denied the motion.[16] Defendants simultaneously filed their dispositive motion,[17] attaching documents Plaintiffs had not previously seen, and the instant motion. Since this motion has been pending, Plaintiffs have filed a motion asking the presiding District Judge to defer ruling on Defendants' dispositive motion until Plaintiffs are allowed to conduct discovery on the FTCA

---

[15] ECF No. 3.

[16] ECF No. 21.

[17] ECF No. 25.

claims and on whether the individual Defendants may properly assert qualified immunity.[18] That motion remains pending. Plaintiffs contend they are entitled to conduct discovery to evaluate whether the individual Defendants are allowed to claim qualified immunity, and that Defendants have not met their burden on the *Wolf* factors to demonstrate why discovery should not go forward on the FTCA claims.

## III. Application of the Standard to This Case

As noted above, absent an assertion of immunity, the great weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending. In those instances in which a stay is appropriate, at least one of the following three factors is present: (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the ruling on the pending motion, or (3) discovery on all issues in the case would be wasteful and burdensome.[19]

### A. Qualified Immunity

Although Defendants seek a stay of all discovery because the individual Defendants assert qualified immunity, their motion acknowledges that case law permits discovery limited to determining whether immunity applies. In advance of an order to conduct a Rule 26(f) conference, Plaintiffs moved to conduct such limited discovery, hoping to obtain information that would allow them to amend their complaint and name the relevant federal employees who allegedly caused or contributed to Mr. Bradley's death.[20] The Court denied their motion.[21] On

---

[18] ECF No. 39.

[19] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

[20] Plaintiffs' Motion to Expedite Discovery (ECF No. 3).

[21] ECF No. 21.

February 6, 2017, before the Court entered its ruling, Plaintiffs filed an amended complaint.[22] The United States filed its answer on April 28, 2017,[23] and on May 12, 2017 all Defendants filed a joint motion to dismiss or in the alternative, for summary judgment,[24] along with the instant motion. One month later, Plaintiffs filed a motion asking the presiding District Judge to refrain from ruling on Defendants' dispositive motion until Plaintiffs have an opportunity to conduct discovery to present facts to support their opposition to summary judgment.[25] That motion remains pending.[26]

As this chronology demonstrates, Plaintiffs' efforts to conduct discovery have consistently been limited to that necessary to meet an immediate legal challenge. Defendants' motion, however, seeks to continue to prevent Plaintiffs from conducting all discovery. As such, it is overbroad. "In some cases, discovery may be necessary to determine whether the defendants' challenged conduct violated clearly established law and thus, whether defendants are entitled to qualified immunity."[27] This is one such case. Plaintiffs are entitled to conduct discovery directed to whether the individual Defendants' conduct violated clearly established

---

[22] ECF No. 8.

[23] ECF No. 24.

[24] ECF No. 25.

[25] ECF No. 39.

[26] This case was reassigned to the undersigned Magistrate Judge on August 16, 2017, and the instant motion was referred to same two days later.

[27] *Lewis*, 903 F.2d at 754.

law. The Court denies Defendants' motion insofar as it precludes Plaintiffs from conducting discovery on the issue of whether the individual Defendants are entitled to qualified immunity.[28]

B. **FTCA Claims**

Defendants also request a stay of discovery for Plaintiffs' FTCA claims against the United States. In so doing, they acknowledge the standard for obtaining a stay of discovery, *i.e.,* (1) whether the case is likely to be finally concluded via a dispositive motion, (2) the facts sought through discovery would not affect the resolution of a dispositive motion, and (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[29]

As to the first factor, Defendants summarily state that if the pending dispositive motions are granted, the case will be concluded and discovery will be moot. Their argument does not address the likelihood that the dispositive motions will be granted. As to the second factor, Defendants contend that any discovery Plaintiffs might conduct would not affect the resolution of those motions. Plaintiffs vigorously dispute Defendants' position, as evidenced by their motion seeking to defer a ruling on Defendants' dispositive motions until Plaintiffs are permitted to conduct discovery. Defendants assert that Plaintiffs have all the documents they need, while Plaintiffs catalog a list of documents they contend are relevant to their claims, none of which they have been permitted to request in discovery. As Plaintiffs point out, no Rule 26 disclosures have been made, nor have they received a description of documents that would be identified in such disclosures. Moreover, it is not Defendants' province to determine whether Plaintiffs possess sufficient information to counter a dispositive motion.

---

[28] The Court's conclusion is not inconsistent with the denial of Plaintiffs' Motion to Expedite Discovery (ECF No. 21), which was ruled on the basis of the "reasonableness" or "good cause" test that applies to requests to expedite discovery under Fed. R. Civ. P. 26(d).

[29] ECF No. 29 at 4-5 (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Defendants address the third factor by stating that discovery on the FTCA claim would subject the individual Defendants to respond to discovery requests and participate in depositions before the issue of qualified immunity is resolved. Plaintiffs disagree that the individual Defendants would be burdened, as the written discovery they propose seeks comprehensive records maintained by the facility and the agency. They contend that none of their proposed requests would interfere with the individual Defendants' daily work as medical providers. And in response to Defendants' conclusory statement that a stay of discovery would not cause prejudice to Plaintiffs, Plaintiffs candidly acknowledge they cannot specifically point to what prejudice they would suffer because they cannot speak about what they do not know. They do know, however, that they are unable to controvert the evidence Defendants have put forth without discovery.

The Court finds Defendants have not met the factors necessary to obtain a stay of discovery relative to the FTCA claims. Plaintiffs are entitled to conduct discovery regarding facts which may result in them amending their *Bivens* claims to add or modify allegations and/or add parties  Moreover, in a case in which Plaintiffs have been provided no initial disclosures but have only been met with documents submitted against them as part of a dispositive motion, the Court is cognizant that "[a] court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against the [dispositive] motion."[30] This is not a case in which the discovery that would be halted is unrelated to the pending dispositive motion. Indeed, the opposite is true.

Defendants have not clearly shown a compelling reason for the court to issue a stay of all discovery.

---

[30] *Wolf*, 157 F.R.D. at 494.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 28) is **DENIED**.  Plaintiffs are permitted to conduct discovery limited to the threshold issue of qualified immunity and on matters bearing on Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

Dated in Kansas City, Kansas on this 29th day of August, 2017.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge